United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KURT MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GLORIA CABRAL, et al.,<br><br>　　　　Defendants. | Case No. 5:19-cv-03964-EJD<br><br>**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS; REMANDING CASE**<br><br>Re: Dkt. Nos. 1, 2, 3, 4 |

On July 10, 2019, pro se Defendants Gloria Cabral, also known as Gloria Cabral Robles; Gloria Castaneda, also known as Gloria C. Cabral; Daniel Arce; and Camila Gaitan removed this unlawful detainer action from the Santa Clara County Superior Court to this court. Dkt. No. 1. Cabral, Castaneda, and Arce filed motions to proceed in forma pauperis ("IFP"). Dkt. Nos. 2-4. However, removal was improper, so the court now remands this case. The court denies the IFP motions as moot.

Removal is proper where federal courts have subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The two bases for federal subject matter jurisdiction are diversity jurisdiction under 28 U.S.C. § 1332 and original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." under 28 U.S.C. § 1331. "The party seeking removal bears the burden of establishing federal jurisdiction." *Heslop v. Ford Motor Co.*, 2019 WL 3026954, at *2 (N.D. Cal. July 11, 2019) (citing *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (quoting *Moore-*

Case No.: 5:19-cv-03964-EJD
ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS; REMANDING CASE
1

*Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c).

Defendants contend that the court has both diversity jurisdiction and original jurisdiction. There are two requirements to establish diversity jurisdiction: (1) the matter in controversy must exceed $75,000, and (2) it must be between citizens of different states. 28 U.S.C. § 1332(a). The Complaint states that it concerns a matter "under $10,000.00." Dkt. No. 1 at 10. Defendants say that "their damage exceeds $75,000," but they have filed no causes of action, so they cannot claim damages. Dkt. No. 1 at 4. Nor do they allege any facts or point to anything in the record support this assertion. The amount in controversy requirement is not met in this matter. Defendants also assert that they and Plaintiff are citizens of different states. But, while they are citizens of California, they do not allege where Plaintiff has citizenship. Dkt. No. 1 at 3. Nor does the Complaint provide Plaintiff's state of citizenship. Dkt. No. 1 at 10-13. Defendants therefore fail to show the second requirement for diversity jurisdiction has been met. Defendants cannot establish diversity jurisdiction.

They fare no better with original jurisdiction. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* Defendants assert that original jurisdiction arises from their due process rights under the Fourteenth Amendment, from the interpretation of an agreement with Plaintiff, from the ownership of the property, and from Plaintiff's standing. Dkt. No. 10 at 4. However, none of these assertions satisfies the "well-pleaded complaint rule." The Complaint itself has only one cause of action—unlawful detainer under California Code of Civil Procedure section 1161a. Dkt. No. 1 at 10. Defendants fail to establish federal question jurisdiction.

Case No.: 5:19-cv-03964-EJD
ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS; REMANDING CASE
2

Having found that the court lacks subject matter jurisdiction, the court remands this case. The pending IFP motions are denied as moot. The Clerk shall close the file and serve a copy of this order on the Santa Clara County Superior Court without delay.

**IT IS SO ORDERED.**

Dated: July 16, 2017

EDWARD J. DAVILA
United States District Judge